Received & Filed
LEWIS COUNTY, WASH.
Superior Court

DEC 1 4 2020

Lewis County Clerk

BEFORE THE SUPERIOR COURT OF LEWIS COUNTY

| | |
|---|---|
| JUDI COSTELLO<br><br>     Petitioner,<br><br>vs.<br><br>MAYOR JOE SCHEY,<br>CITY OF VADER<br><br>     City | Case No.: **20  2  0076321**<br><br>LAND USE PETITION - COMPLAINT<br><br>RCW 36.70C |

## I.   **INTRODUCTION**

This COMPLAINT is filed under authority of the LAND USE PETITION ACT (RCW 36.70C) governing judicial review of land use decisions. This petition pertains to a Stop Work Order dated September 24, 2020 issued by the City of Vader ("City") against the Petitioner, Judi Costello. The Petitioner appealed the Stop Work Order on October 1, 2020. On November 1, 2020, during the pendency of the appeal, the City filed a subsequent action against the Petitioner for the same subject matter. The Stop Work Order was heard by the City of Vader Hearing Examiner, Mark Scheibmeir ("Hearing Examiner") on November 23, 2020.   The Hearing Examiner's decision was dated November 23, 2020 and mailed to the Petitioner on November 24, 2020.   A Request for Reconsideration was filed by the Petitioner on December 2, 2020. The Hearing Examiner's denied the Request for Reconsideration on December 3, 2020.

LAND USE PETITION - COMPLAINT - PAGE 1

## II.  IDENTIFICATION OF THE PARTIES

1. <u>Name and mailing address of the Petitioner:</u>

   Judi Costello
   P.O. Box 41
   Vader, Washington  98593

2. <u>Name and mailing address of the Petitioner's attorney:</u>

   Tonya M. Hebert, WSBA #51659
   411 NE First Street, P.O. Box 69
   Winlock, Washington 98596

3. <u>Name and mailing address of local jurisdiction:</u>

   City of Vader
   Joe Schey, Mayor
   P.O. Box 189
   317 8th Street
   Vader, Washington 98593

4. <u>Decision Making Body/Officer:</u>

   City of Vader Hearing Examiner, Mr. Mark Scheibmeir ("Hearing Examiner")
   299 N.W. Center Street, P.O. Box 939
   Chehalis, WA  98532

## III. STANDING

The Petitioner has Standing under RCW 36.70C.060(1) because she is the landowner of the Property to which the land use decision is directed.  The Petitioner has exhausted all available administrative remedies.  A judgment in favor of the Petitioner would substantially eliminate the prejudice caused by this land use decision.

## IV.  STATEMENT OF FACTS

1. The Petitioner applied for a re roofing permit through the City on June 2, 2020.

2. At the time of the permit application, the City demanded an unlawful permit fee amount of $386.50 from the Petitioner.

LAND USE PETITION - COMPLAINT - PAGE 2

3. The City issued Permit VAD 20-13 ("Permit") on June 29, 2020 for the City's correct roofing fee of $86.50.

4. The Permit was issued on a revised roofing permit form used only for the Petitioner's Permit.

5. During the re roofing work, a Stop Work Order was posted on the property on September 17, 2020 identifying two alleged violations. Work on the property immediately stopped. The Stop Work Order ("Order-1") was posted but not served on the Petitioner.

6. The City was required to post Order-1 and serve the person engaged in doing the work. VMC 19.01.060(a).

7. The Petitioner responded in writing and received no return response.

8. A second Stop Work Order (Order-2) for the same subject matter was issued by the City on September 21, 2020. The Petitioner immediately stopped work and again communicated with the City. Order-2 was personally served on the Petitioner.

9. The Petitioner went to the City to discuss Order-2. As a result of this communication, on September 21, 2020, the City called for an inspection of the sheeting and reported to the Petitioner that an appointment was scheduled for an inspection for the next morning.

10. The City inspector, Konrad, ("Inspector") drove by the property on the afternoon of September 21, 2020. He got out of his car and took two photographs with his phone. The Inspector arrived without COVID-19 safety protocols nor did the Inspector bring a ladder for the inspection. During the inspection, the Inspector was verbally aggressive towards the Petitioner. The Inspector threatened her with incarceration and demanded she tear off the shingles on the portion of the roof that was installed prior to Order-2. The Inspector provided no written report, or written guidance, to the Petitioner at anytime after his inspection.

11. While the first and second stop work orders were issued, the City of Vader Mayor, Mr. Joe Schey, ("Mayor") contacted the State of Washington Labor and Industries to initiate an

investigation about the Petitioner's property pertaining to unrelated electrical matters. Based on the State's inspection, no issues were found and all permits were proper.

12. During the same time period, the Mayor then contacted the State of Washington Labor and Industries to initiate an investigation regarding the Petitioner's roofing material that was removed from the roof during the project but still on site. The State of Washington inspected the project and tested the roofing material for asbestos. Based on the State's inspection and the testing results of the roofing materials, no issues were present on the property.

13. The Petitioner paid for all inspections requested by the City and all tests requested by the State.

14. On September 24, 2020, the first and second stop work orders were retracted by the City.

15. A third Stop Work Order ("Order"), the subject of the appeal, was posted on the site on September 24, 2020 for the same subject matter. The Order was not served on the Petitioner.

16. The Petitioner attempted to work with the City to understand and comply with the Order but no deadline for remedial action was identified on the Order and the appeal period expired within 7 days.

17. The Petitioner filed an appeal of the Order on October 1, 2020. The Petitioner's appeal stated the Order was not properly issued and/or a violation did not occur.

18. The City's appeal fee based on Ordinance 21-2017, and the 2020 Municipal Fees posted on the City's website, identified the appeal fee as $250.00.

19. The City charged the Petitioner $500.00 to file the appeal.

20. The City's Order allowed for two remedial actions either (i) remove the roofing materials on that portion of the roof that was covered to allow for an inspection; or (ii) provide a detailed report by a licensed structural engineer.

21. On October 8, 2020, after the statutory period to file the appeal expired, and while the appeal was pending, the City served the Petitioner with the Order by mail.

22. During pendency of the appeal, and before the hearing, the Petitioner obtained the requested detailed report from a licensed structural engineer and submitted the report to the City, and the Hearing Examiner, on November 5, 2020.

23. On November 11, 2020, during pendency of the appeal, and during the City's stay, the City served the Petitioner with a new Notice of Violation based on the alleged violations in the Order.

24. The Petitioner's appeal of the Order was based on the following categories:  Failure by the City to issue the Order properly including – failure to properly serve; failure to identify referenced code provisions; failure to provide a reasonable time for compliance; failure to provide a statement of determination; failure to provide an alternate 15-day appeal period; constitutional violations; and mootness.

25. The Hearing Examiner ruled on summary judgment for the City on November 23, 2020 and mailed the determination on November 24, 2020.  The Hearing examiner's ruling is attached as **Exhibit A** to this Complaint.

26. The Petitioner filed a timely Request for Reconsideration on December 1, 2020.  The Hearing Examiner denied the Request for Reconsideration on December 3, 2020.

## V.   **ERRORS COMMITTED**

A.   THE LAND USE DECISION IS A CLEARLY ERRONEOUS APPLICATION OF THE LAW TO THE FACTS.

### WAS THE STOP WORK ORDER ISSUED PROPERLY?

1)   SERVICE OF PROCESS

It was determined by the Hearing Examiner that the Order had to be posted on the site and personally served.  The Order was posted on the site at some time but did not provide sufficient and statutory notice because it was never served on the Petitioner personally at that time, or within a reasonable time thereafter.

LAND USE PETITION - COMPLAINT - PAGE 5

The Hearing Examiner determined the service of process was sufficient by mail because the City did provide service by mail 14 days after the Order issued and seven (7) days after the statutory appeal period expired. The Order was issued on September 24, 2020. The time to appeal, which is under a <u>strict compliance</u> standard, was within seven (7) days thereafter. The appeal period ended on October 1, 2020 which was the date the appeal was filed.

The City waited another seven (7) days after the appeal was filed to properly serve notice. This was not harmless error because the Petitioner had to pay for the appeal by this time. This was a jurisdictional challenge included in her appeal.

Notice that is timely is required to invoke jurisdiction in this matter. The Hearing Examiner should have dismissed the matter and refunded the Petitioner the required appeal fee because serving notice on the Petitioner a week after the statutorily required appeal period expired is insufficient notice.

The purpose of service of process is to provide due process and, specifically note that an action has been commenced. With the posting, withdrawals, inspections lacking reports, and the ongoing haphazard actions by the City it unclear as to the City's requirements.

The City had to serve notice on the Petitioner within a <u>reasonable</u> time but 14 days after the Order was issued, and seven (7) days after the appeal was filed, is not reasonable and not sufficient notice. The City failed to meet a standard of legal reasonableness. Because notice was insufficient, the City committed a fatal procedural error and the Order should have been dismissed.

2) VIOLATION OF CODE REQUIREMENTS FOR ISSUANCE OF ORDER.

Under the City's code, an appellant appealing a land use matter must <u>strictly comply</u> with the City's code requirements (VMC 19.010.080(f)(6)). The City's code requirements include timely filing, paying fees and inclusion of proper information within the appeal. But, in this process, the

LAND USE PETITION - COMPLAINT - PAGE 6

City failed to include specific information in the Order.  The Hearing Examiner determined the information was sufficient to comply, or substantially comply, with the requirements.

    a.  Under VMC 19.01.040(b)(8), the City is required to include notice of a "reasonable time for compliance" in the Order which was included.  The Hearing Examiner determined that because no date was specified, it meant that the Petitioner had "*as much time as was needed*".  The appeal period was only seven (7) days and thus, unless a date was identified, any appellant would believe they had only seven (7) days to try and remedy a solution to the Order.

    It wasn't until November 11, 2020 that the Petitioner was able to provide the required licensed structural engineering report to evidence there were no problems identified on her site.  The Petitioner had to file an appeal for fear of retaliation and rejection of her compliance which certainly was the case here.  Throughout the City's code it references the "time specified" for compliance and other matters.  There is no where in the Order the time specified for compliance was provided and therefore the statutory requirement was not met and the Order was not issued properly.

    b.  The City was also unable to identify the specific code violation on the Order (VMC 19.01.040(b)(6)).  The Hearing Examiner determined the language on the Order was sufficient to identify the violation but as shown by the Petitioner's compliance with the suggested remedy, it was not clear because the City's received and rejected her attempt for the requested remedy.  If a reasonable person could not identify terms in the Order it is clearly ambiguous and does not meet the specific code to properly identify the issue.

    The City cannot provide a code because it had never, in the past, inspected the sheeting on any of the prior re roofing permits because there is no code to identify its requirement.

LAND USE PETITION - COMPLAINT - PAGE 7

1    Because of the aforementioned matters, the Order was not properly issued and THE LAND

2    USE DECISION IS CLEARLY AN ERRONEOUS APPLICATION OF THE LAW TO THE

3    FACTS.

4

5         B.   THE LAND USE DECISION IS OUTSIDE THE AUTHORITY OR JURISDICTION

6              OF THE BODY OR OFFICER MAKING THE DECISION & ERRONEOUS
               APPLICATION OF LAW TO FACTS

7

8         1)   WAS THE STOP WORK ORDER MOOT AT THE TIME OF THE HEARING?

9         The Hearing Examiner determined the claim of mootness was outside of his jurisdiction and

10   that he was only required to determine if the Order was issued properly and/or if a violation

11   occurred.

12        Under the City's code, VMC 19.01.060(b)(c), compliance could have been achieved within

13   the compliance date (see supra – compliance date was omitted) and a determination of compliance

14   is determined by the Hearing Examiner.

15        On November 5, 2020, and 18 days prior to the hearing, the Petitioner provided the City's

16   required remedy, a report[1] issued by a licensed structural engineer, to the City and the Hearing

17   Examiner.  Despite the information provided, the City then determined the licensed structural

18   engineering report was insufficient and required additional specifications on the report from what

19   the City originally requested in the Order.

20

21

22

23   _____

24

25        [1]. The report submitted lacked the engineering stamp which was on the report but stripped from the email system
     upon receipt.  A stamped report has since been provided to the City.

26

LAND USE PETITION - COMPLAINT - PAGE 8

The Hearing Examiner decided that he did not have the authority to make a determination of mootness even though the City's code established the authority for the Hearing Examiner to make this determination was in fact prior to the hearing.

Although the Hearing Examiner deemed this matter outside of his jurisdiction, it was an erroneous application of law to the facts.

### C.  THE LAND USE DECISION VIOLATES THE CONSTITUTIONAL RIGHTS OF THE PARTY SEEKING RELIEF.

#### 1)  VIOLATION OF PROCEDURAL DUE PROCESS

The Due Process Clause provides that no states shall deprive a person of life, liberty or property without the due process of law.

During pendency of the appeal of the Order, and while the Petitioner remained unable to occupy the property where she was residing part time, the City continued to pursue the Petitioner by continuing prosecution of the Order through a new Notice of Violation issued on November 11, 2020 covering the same subject matter.

Under VMC 19.01.080(g) the effect of filing a timely appeal "*shall stay any enforcement action based on a stop work order, emergency order or notice of violation until the decision maker's decision issues unless the clerk-treasurer finds that the violation causes an immediate threat to public health or safety*".

First, the Notice of Violation was improperly issued by the Building Inspector, not the Clerk-Treasurer as required by the code.  Because nevertheless, during this time, the Petitioner was told to not occupy her property for any matter, except to cover the roof with a tarp, there was no immediate

threat to anyone.  The Petitioner even had to relocate to her other residence full time during this period.

The Notice of Violation based on the Order was served on the Petitioner during the stay and a timeline to remedy the Order was imposed effective December 1, 2020.  Thereafter, the City initiated fines upon the Petitioner in the amount of $1,000.00 per day for violation of the Order commencing December 1, 2020.

Under the City's code, the Petitioner did not have to request a stay, rather a stay was initiated upon the timely filing of an appeal.  Here, the appeal was timely filed but the City continued to prosecute the matter before the hearing and the Hearing Examiner's determination dated November 23, 2020 as well as the Hearing Examiner's reconsideration and commenced imposing monetary penalties upon the Petitioner.

Under VMC 19.010.060(b), the City's code specified that if no appeal is filed, a notice of violation for the violation may be filed.  A notice of violation is never filed by a building inspector. Rather, the building inspector filed the notice to further harass the Petitioner.

Here, the Petitioner filed an appeal and the City authorized continued unlawful prosecution of this matter during pendency of the appeal.  A stay is meant to put the appellant in a position that it was at the time the appeal is filed.  The City violated its code for a stay of enforcement and violated the Petitioner's due process by continuing to prosecute this Order during the stay.

The City averted the requirements of the stay, and at the same time of pendency of the appeal, began imposing monetary penalties even prior to the Hearing Examiner's decision and the reconsideration period.

The City did not allow for due process of this matter and is now imposing unlawful fines upon the Petitioner.

LAND USE PETITION - COMPLAINT - PAGE 10

THE PETITIONER'S DUE PROCESS RIGHTS WERE VIOLATED FOR ILLEGALLY CONTINUING PROSECUTION OF THE ORDER DURING THE STAY.

   2)  EQUAL PROTECTION VIOLATION

The Fourteenth Amendment guarantees *"[n]o State shall make or enforce any law which shall deny to any person within its jurisdiction the equal protection of the laws"*. The law provides that equal enforcement of the laws is a guarantee allowing the law itself to be challenged.

From commencement of the Petitioner's application for a re roofing permit she has been required to a substantially different process and substantially different fees from any other citizen seeking the same permit from the City.

The City demanded of the Petitioner almost four (4) times the fee amount that every permittee, up until this time, was charged. There is no reference in the City's ordinance of a change in the fee amount but rather the change was directed solely to harass the Petitioner when she arrived at the City to request a re roofing permit.

The Petitioner was then issued a permit created specifically for her because this permit form was different from any of the prior permits issued by the City. None of the prior permittees were required to have a sheeting inspection, and the City has no record of performing any such inspection for any of the prior permittees.

The City also included new language in the Petitioner's permit that referenced an IRC that did not apply to what the City was trying to request (the sheeting inspection). The form change and language added to the Petitioner's permit was imposed solely to harass the Petitioner and create an ambiguous condition where the Petitioner could not comply with the reference code on the permit because it did not apply to her situation.

In addition, the Mayor did in fact subject the Petitioner to further harassment because he intentionally made false reports to the State of Washington to inspect the Petitioner's property based on no evidence of wrongdoing. The Mayor requested the state electrical inspector inspect the Petitioner's property and the Mayor then requested Labor and Industries inspect the Petitioner's property. The result of the two state agency inspections evidenced there were no infractions on the Petitioner's property. This action by the City, and the Mayor, was conducted in bad faith and not to further any public interest. There is no legal basis, or reasonableness, to invoke state interference in this matter.

Further, the Petitioner, upon filing her appeal based on the Order, was charged a $500.00 appeal fee. The appeal fee amount is double the actual appeal fee, as noted in the City's ordinance 21-2017 and also posted on the City's website for the appeal of the Order. Even though a demand for a refund was requested, the City rejected the request to refund the Petitioner's overpayment amount. There is no recording from any subsequent City Council Meeting that authorized a change in the appeal fee.

Finally, it has not gone unnoticed that the City imposed, not only the requirements identified in the Order, but continual additional requirements that are simply unachievable because they continue to morph as the Petitioner continues to attempt compliance. The continual change of requirements of the Order is unreasonable when the Petitioner did in fact, comply with the specified option for a resolution.

In light of the prior applications and permits issued by the City, the Petitioner has been held to a wholly different standard and at a higher cost for services provided by the City. It is clear the City has continued harassment of the Petitioner and has applied its laws and standard unfairly against the Petitioner.

The Petitioner's constitutional right to for equal protection under the law has been violated.

LAND USE PETITION - COMPLAINT - PAGE 12

## VI.    REQUEST FOR STAY OF ACTION PENDING REVIEW

The Petitioner requests the Court impose a stay of action because it is likely the Petitioner will prevail on the merits.  Without a stay the Petitioner will suffer irreparable harm because the Petitioner is now being improperly fined $1,000.00 per day.  Because there are no citizen complaints against the Petitioner's Property a grant of the stay will not substantially harm any party to this proceeding.

## VII.    PRAYER FOR RELIEF

The City's actions violate the City's own codes as well as the Constitutional Rights of the Petitioner.   The Petitioner hereby requests this court:

(1) DISMISS THE ORDER;

(2) DISMISS THE NOTICE OF VIOLATION AND ALL ASSOCIATED FINES AND FEES ASSESSED AGAINST THE PETITIONER'S PROPERTY;

(3) FIND THE PETITIONER'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY THE CITY OF VADER;

(4) ALLOW DAMAGES TO THE PETITIONER; AND

(5) ALLOW LEGAL FEES AND COSTS.

DATED THIS 14TH DAY OF DECEMBER, 2020

Tonya M. Hebert, WSBA #51659
Attorney for Petitioner, Judi Costello
411 NE First Street, P.O. Box 69
Winlock, Washington 98596
Phone:  360-785-3333
Email:  tonya@winlocklaw.com

LAND USE PETITION - COMPLAINT - PAGE 13

1

## VERIFICATION

2

3  The undersigned, under penalty of perjury under the laws of the State of Washington, states that

    she is the Petitioner named herein; that she has read the foregoing Complaint and that the foregoing

4  Complaint is true and correct.

5

6      I DECLARE UNDER PENALTY OF PERJURY UNDR THE LAWS OF THE STATE OF

7  WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

8      DATED THIS _14_ day of December, 2020 at Winlock, Washington.

9

10                                          *Judi Costello*

11                                          Judi Costello

12

13

14     SUBSCRIBED AND SWORN TO before me this _14th_ day of December, 2020

15

16                                          *Tonya M Hebert*



17                                          NOTARY PUBLIC in and for the State

18                                          of Washington, residing in Lewis County,

19                                          My commission expires on 5-17-2022

20

21

22

23

24

25

26

LAND USE PETITION - COMPLAINT - PAGE 14

EXHIBIT A

# VADER HEARING EXAMINER

299 N.W. CENTER STREET
P.O. BOX 939
CHEHALIS, WASHINGTON 98532
PHONE: (360) 748-3386
FAX: (360) 748-3387

November 24, 2020

Ms. Tonya Hebert
Law Office of Tonya Hebert, PLLC
P. O. Box 69
Winlock, Washington  98596

       Re:    Judy Costello - Appeal of Stop Work Order

Dear Ms. Hebert:

      Enclosed herewith please find a copy of the Order Granting City of Vader's Motion for Summary Judgment and Dismissing Appeal.

                      Very truly yours,

                      Mark C. Scheibmeir
                      Vader Hearing Examiner

MCS:klf
Encl.

1

BEFORE THE CITY OF VADER HEARINGS EXAMINER

2   IN RE:                          )        HEARING NO. 2020-01
                                    )
3   JUDY COSTELLO,                  )        ORDER GRANTING CITY OF
                                    )        VADER'S MOTION FOR
4                                   )        SUMMARY JUDGMENT AND
                Appellant.          )        DISMISSING APPEAL
5

6       **THIS MATTER** comes before the City of Vader Hearing Examiner upon the appeal

7   brought by Judy Costello with respect to that certain Stop Work Order issued by the City on

8   September 24, 2020, relating to Ms. Costello's roofing project at 706 B Street, Vader,

9   Washington.

10      Ms. Costello appears through Tonya Hebert.   The City appears through its City Attorney,

11  Jennifer Robertson.

12      Pursuant to an earlier Pre-Hearing Order the matter was scheduled for hearing on

13  Thursday, November 19, 2020.  In advance, both parties were provided a schedule for their list

14  of witnesses and exhibits as well as briefing, with any dispositive motions to be argued at the

15  time of the hearing.  Both parties timely filed lists of witnesses and exhibits, submitted briefing,

16  and presented Cross-Motions for Summary Judgment.

17

18      The hearing commenced at 9:00 a.m. on November 19, 2020.  Due to the ongoing

19  Covid-19 pandemic the hearing was conducted remotely utilizing the Go To Meeting platform

20  supplemented by telephonic access for any party unable to access Go To Meeting.  Both parties

21  were present along with their counsel and expected witnesses.

22      At the commencement of the hearing the Hearing Examiner announced that there were no

23  apparent material facts in dispute and that the matter could be resolved by a ruling on the parties'

24  Cross-Motions for Summary Judgment.

25

*Order Granting City of*
*Vader's Motion for Summary*
*Judgment and Dismissing*
*Appeal - 1*

**CITY OF VADER HEARING EXAMINER**
**299 N.W. CENTER ST. / P.O. BOX 939**
**CHEHALIS, WASHINGTON  98532**
**Phone: 360-748-3386/Fax: 748-3387**

The following pleadings were considered:

    1.    Ms. Costello's Notice of Appeal dated October 1.

    2.    City Staff Report with enclosures.

    3.    Ms. Costello's Pre-Hearing Brief.

    4.    Ms. Costello's Motion and Declaration for Summary Judgment.

    5.    City's Pre-Hearing Brief including Motions in Limine, Motions to Strike and Cross-Motion for Summary Judgment.

    6.    Declaration of Deputy City Clerk Stephanie Pelton with Exhibits.

    7.    Declaration of Jennifer Robertson with Exhibits.

    8.    City's Witness List.

    9.    Ms. Costello's Reply to City's Pre-Hearing Brief.

    10.    Declaration of Cindy Radcliffe.

The Hearing Examiner having considered these documents, and having heard the final arguments of counsel, hereby **GRANTS** the City's Motion for Summary Judgment and **DISMISSES** Ms. Costello's Petition for Appeal.

For the benefit of the parties, the following are the undisputed facts and resulting Conclusions of Law upon which this Decision is based.

## UNDISPUTED FACTS

- Ms. Costello applies to the City for a Roofing Permit to tear off the existing roof at the residence located at 706 B Street, Vader, and re-roof the residence with a three tab composition roof.

- On June 3, 2020, Stephanie Montgomery (now Stephanie Pelton) from the City Clerk's Office sends a letter to Ms. Costello notifying her of additional conditions needing to be

*Order Granting City of Vader's Motion for Summary Judgment and Dismissing Appeal - 2*

CITY OF VADER HEARING EXAMINER
299 N.W. CENTER ST. / P.O. BOX 939
CHEHALIS, WASHINGTON 98532
Phone: 360-748-3386/Fax: 748-3387

1  addressed in order to process the permit application.  The attachment to her letter makes clear

2  that the property will require a roofing sheeting inspection.

3          •         The City issues the requested Roofing Permit, Building Permit No. VAD-20-13,

4  on June 29, 2020.  Page 2 of the Permit identifies all necessary inspections.  It requires a roofing

5  sheeting inspection and a final roofing inspection.

6          •         Ms. Costello subsequently begins removal of the existing roof and its replacement

7  with a new roof.  Installation of the new roof begins without having first undergone a roofing

8  sheeting inspection.

9          •         Upon learning that the new roof was being installed prior to a sheeting inspection,

10  the City issued a Stop Work Order on September 24, 2020.  The Stop Work Order notifies Ms.

11  Costello that it is being issued as a result of there being no sheeting inspection.  It allows her the

12  options of either removing the new roofing to examine the sheeting, or have a Washington State

13  Licensed Structural Engineer inspect the work and submit a detailed report that assures code

14  compliance.  A copy of the Stop Work Order was posted onsite on September 24 and also

15  emailed to Ms. Costello's counsel, Ms. Hebert, on the same date.  A copy of the Order was

16  served upon Ms. Costello by mail on October 8, 2020.

### ISSUE BEFORE THE HEARING EXAMINER

17      The parties are in agreement that the issue before the Hearing Examiner is:  "Whether the

18  Stop Work Order was correctly issued and/or whether a violation occurred".  VMC 19.01.080(b).

### CONCLUSIONS OF LAW

Conclusions Relating to Whether a Violation Occurred.

1.      The Roofing Permit expressly requires a sheeting inspection prior to the

installation of new roofing material.

*Order Granting City of*
*Vader's Motion for Summary*
*Judgment and Dismissing*
*Appeal - 3*

**CITY OF VADER HEARING EXAMINER**
**299 N.W. CENTER ST. / P.O. BOX 939**
**CHEHALIS, WASHINGTON  98532**
**Phone: 360-748-3386/Fax: 748-3387**

2.      When the Roofing Permit stated "roofing sheeting inspection (2015 IRC R908.3.1.1.), the reference to the IRC was simply explaining the City's authority for requiring the sheeting inspection. This reference did not create any ambiguity or give the permit holder the right to decide unilaterally whether an inspection was needed.

3.      The Appellant did not appeal the terms of the Roofing Permit. Its requirements became fixed and cannot now be challenged.

4.      The Appellant's failure to obtain a sheeting inspection prior to re-roofing was a clear violation of the Permit conditions.

<u>Conclusions Relating to Whether the Stop Work Order was Correctly Issued.</u>

This issue has two sub-issues:

- Was the Stop Work Order properly served?

- Was the Stop Work Order in proper format?

<u>Was the Stop Work Order Properly Served?</u>

4.      VMC 19.01.040(d) allows for service of the Order by various means including mailing a copy by first class mail, postage prepaid, to the party to be served at her usual mailing address, as set forth in RCW 4.28.080(15).

5.      The Appellant argues that this form of service only applies to situations involving parties to a real estate purchase and sale agreement. This is clearly not the City's intent nor can this conclusion be reached from a plain reading of the City's ordinance. The City's ordinance clearly allows service by mail *in the manner* described in RCW 4.28.080(15).

6.      On October 8, 2020, the Appellant was served by mail in the manner prescribed by RCW 4.28.080(15).

*Order Granting City of*
*Vader's Motion for Summary*
*Judgment and Dismissing*
*Appeal - 4*

**CITY OF VADER HEARING EXAMINER**
**299 N.W. CENTER ST. / P.O. BOX 939**
**CHEHALIS, WASHINGTON  98532**
**Phone: 360-748-3386/Fax: 748-3387**

7.      As a copy of the Notice was posted onsite on September 24, and service by mail was effected on October 8, all requirements for service upon the Appellant were properly accomplished on or before October 8, 2020.

Was the Stop Work Order in the Proper Form?

8.      Pursuant to VMC 19.01.060(b): "The Stop Work Order shall include the information required for a Notice of Violation" in addition to other information described in VMC 19.01.060(b).

9.      The required information for a Notice of Violation is set forth in VMC 19.01.040(b).  There are eleven identified requirements for a Notice of Violation:  VMC 19.01.040(b)(1) through (11).

10.      The Appellant argues that the Notice to Stop Work does not comply with VMC 19.01.040(b)(6) which requires "a specific identification of each standard, code provision, or requirement violated".  The Appellant argues that the Notice must cite to a "code provision".  The Hearing Examiner disagrees.  The City is required to give notice of either the standard, code provision *or* requirement violated.  The Notice to Stop Work correctly and adequately notified the Appellant *of the requirement* that had been violated, to-wit, the failure to have a roofing sheeting inspection.

11.      The Appellant argues that the Notice to Stop Work violates VMC 19.01.040(b)(8) requiring notice of "a reasonable time for compliance".  The Hearing Examiner disagrees.  The Appellant was given as much time as was needed to comply, with the only constraint on Appellant being that no other work could be done until Appellant did comply.  The Appellant was therefore granted a reasonable time for compliance.

*Order Granting City of*
*Vader's Motion for Summary*
*Judgment and Dismissing*
*Appeal - 5*

CITY OF VADER HEARING EXAMINER
299 N.W. CENTER ST. / P.O. BOX 939
CHEHALIS, WASHINGTON  98532
Phone: 360-748-3386/Fax: 748-3387

1    12.    The Appellant argues that the Notice violated VMC 1901.040(b)(11) requiring "a

2  statement that the Notice of Violation represents a determination that a violation has been

3  committed by the person named in the Notice of Violation . . . ."  The Hearing Examiner

4  disagrees.  The Notice to Stop Work represents a determination that a violation has been

5  committed by the Appellant, and that the determination is final unless appealed.

6    13.    The Appellant further argues that the Stop Work Order is in violation of VMC

7  19.01.040(b)(11) for having failed to give notice that any "appeal must be timely filed under the

8  procedures set forth in Section 19.01.070 (within 15 calendar days of service of the Notice of

9  Violation)."  The Hearing Examiner agrees that this additional notice was not included, but the

10  Appellant had been notified of the right to file an appeal and request an expedited hearing within

11  7 days of service per VMC 19.01.060(b).  The Appellant responded within the 7 days allowed

12  under this other provision.   Thus, the failure to give additional notice of the lengthier appeal

13  period (that is 15 days rather than 7 days) had no impact as an appeal was timely filed under

14  either requirement.  Any error was therefore harmless.

15    14.    The Notice of Stop Work complies with, or substantially complies with, all

16  requirements of VMC 19.01.060 and 19.01.040(b).

17    15.    The Stop Work Order was correctly issued.

18  General Conclusions.

19    16.    The City has met its burden of proving that a violation occurred and that the

20  Notice to Stop Work was correctly issued.  The Appellant's appeal should therefore be denied.

21  **OTHER ISSUES**

22  In her Notice of Appeal and/or her Motion for Summary Judgment, the Appellant raises

23  two additional challenges:

*Order Granting City of
Vader's Motion for Summary
Judgment and Dismissing
Appeal - 6*

**CITY OF VADER HEARING EXAMINER**
**299 N.W. CENTER ST. / P.O. BOX 939**
**CHEHALIS, WASHINGTON  98532**
Phone: 360-748-3386/Fax: 748-3387

1

DATED this __23__ day of November, 2020.

2

3

4

Mark C. Scheibmeir
City of Vader Hearing Examiner

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Order Granting City of
Vader's Motion for Summary
Judgment and Dismissing
Appeal - 8*

**CITY OF VADER HEARING EXAMINER**
299 N.W. CENTER ST. / P.O. BOX 939
CHEHALIS, WASHINGTON 98532
Phone: 360-748-3386/Fax: 748-3387