1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDI COSTELLO,

                              Plaintiff,

        v.

CITY OF VADER, et al.,

                              Defendants.

Case No. C20-6251 BHS-TLF

REPORT AND
RECOMMENDATION

Noted for May 7, 2021

        This matter comes before the Court on plaintiff's motion for remand. Dkt. 8. For

the reasons set forth below, the undersigned recommends that the Court GRANT

plaintiff's motion and remand only plaintiff's state law claims. The Court should maintain

jurisdiction over plaintiff's federal claims.

## FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff initially filed this action in state court seeking review of a land use

decision under RCW 36.70C and seeking damages for alleged violations of plaintiff's

constitutionally protected rights. Complaint, Dkt. 1-2. Plaintiff's complaint alleges that

plaintiff applied for a roofing permit and received a revised roofing permit. Dkt. 1-2 at 2-

3. Plaintiff alleges that the City of Vader issued three stop-work orders. Dkt. 1-2 at 3-4.

Plaintiff states that she appealed these orders. Dkt. 1-2 at 4. The complaint states that

the hearing examiner ruled in favor of the City on summary judgment. Dkt. 1-2 at 5.

1   Plaintiff also alleges that the hearing examiner denied plaintiff's request for

2   reconsideration. Dkt. 1-2 at 5.

3        The complaint contends that the hearing examiner's land use decision was

4   clearly erroneous. Dkt. 1-2 at 5. Plaintiff maintains the decision was erroneous because

5   the City provided insufficient service of process, because the City failed to strictly

6   comply with the Vader Municipal Code, and because the orders were moot at the time

7   of the hearing. Dkt. 1-2 at 5-9. The complaint also alleges that defendants violated

8   plaintiff's procedural due process rights and equal protection rights. Dkt. 1-2 at 9-13.

9        Defendant removed this action to this Court. Dkt. 1. Plaintiff has filed a motion to

10  remand. Dtkt. 8. Defendants have opposed the motion to remand (Dkt. 12) and plaintiff

11  has filed a reply (Dkt. 15).

12                          DISCUSSION

13       A.   Proper Jurisdiction

14       Under 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court

15  to federal court if the federal court would have original subject matter jurisdiction.

16  Federal courts have original jurisdiction over "all civil actions arising under the

17  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C.

18  § 1367(a), in any action in which a federal district court has original jurisdiction, it "shall

19  have supplemental jurisdiction over all other claims that are so related to claims in the

20  action within such original jurisdiction that they form part of the same case or

21  controversy under Article III of the United States Constitution."

22       Pursuant to 28 U.S.C. § 1447(c) a plaintiff can move to remand back to state

23  court after removal, based on jurisdictional or procedural defects in removal. *Kamm v.*

24

25

1  *ITEX Corp.*, 568 F.3d 752, 754-57 (9th Cir. 2009). If at any time before final judgment it

2  appears that the district court lacks subject matter jurisdiction, the court shall remand

3  the case. 28 U.S.C. § 1447(c).

4       Plaintiff's complaint alleges that defendant violated plaintiff's constitutionally

5  protected rights and seeks an award of damages pursuant to 42 U.S.C. § 1983. Dkt. 1-

6  2. Accordingly, the Court has jurisdiction over plaintiff's federal constitutional claims

7  under 28 U.S.C. § 1331. Plaintiff does not contend that the Court lacks subject matter

8  jurisdiction over these federal claims. *See*, Dkt. 8. Plaintiff does not allege there are any

9  jurisdictional or procedural defects warranting remand under 28 U.S.C. § 1447(c).

10 Additionally, plaintiff concedes that the Court has supplemental jurisdiction over

11 plaintiff's state law claims. Dkt, 8 at 4.

12       The Court has proper jurisdiction to hear this action.

13       B.  28 U.S.C. § 1367

14       Plaintiff requests that the Court decline to exercise supplemental jurisdiction

15 under 28 U.S.C. § 1367 and remand this case because 1) plaintiff's state law claims

16 substantially predominate over the federal claims, and 2) exceptional circumstances

17 warrant remand. Dkt. 8.

18       Section 1367(c) does not authorize the Court to decline to exercise original

19 jurisdiction over a proper federal claim. *See*, 28 U.S.C.§ 1367(c); 28 U.S.C. § 1441(c);

20 *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995). Plaintiff does not

21 differentiate between her state law claims and federal claims in her request that the

22 Court remand this action. However, the Court may only decline jurisdiction over

23

24

25

REPORT AND RECOMMENDATION - 3

plaintiff's state law claims. To the extent that plaintiff seeks to remand her federal claims, the Court should deny plaintiff's motion.

A court may decline to exercise supplemental jurisdiction over a state law claim if (1) it raises a novel or complex issue of state law; (2) it substantially predominates over the claim(s) over which the court has original jurisdiction; (3) the court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

The decision to keep or decline to keep state law claims is discretionary. *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). While triggered by the presence of one of the Section 1367(c) conditions, the discretion to decline supplemental jurisdiction over state law claims is "informed" by the "values of economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001 (internal quotations omitted). "If the exercise of supplement jurisdiction does not advance these considerations, 'a federal court should hesitate to exercise jurisdiction over state law claims.'" *Kaye v. Bd. of Trs.*, 612 F. Supp. 2d 1146, 1149 (S.D. Cal. 2007) (quoting *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. Of California*, 24 F.3d 1545, 1557 (9th Cir. 1994)).

1) <u>Whether plaintiff's state law claims substantially predominate over plaintiff's federal claims</u>

Section 1367(c)(2) represents a codification of one of the factors the Court articulated in *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 (1966). In *Gibbs*, the Court explained that courts should consider whether the state law predominates over the federal claims, "whether in terms of proof, of the scope of the issues raised, or

1    of the comprehensiveness of the remedy sought …" *Gibbs*, 383 U.S. at 726-27. When

2    the evidence needed to prove each claim is similar or identical, this weighs in favor of

3    declining remand, because it cannot be said that the state law claims predominate over

4    the federal claims. *See, Picard v. Bay Area Regional Transit Dist.,* 823 F. Supp. 1519,

5    1527 (N.D. Cal. 1993). Additionally, the Ninth Circuit has explained that Section

6    1367(c)(2) relates to the types of claims alleged, not the number of state law claims

7    alleged. *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761-62 (9th Cir. 2010)

8    judgment vacated on other grounds, 565 U.S. 801 (2011).

9          Plaintiff's state law claims are brought under the Land Use Petition Act ("LUPA").

10   Dkt. 1-2. LUPA provides the exclusive means of judicial review for land use decisions in

11   Washington State, including final determinations on project permit applications. *See,*

12   *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1163 (W.D.

13   Wash., 2015); RCW § 36.70.C.030. Under LUPA, relief in relation to a land use decision

14   is available with a showing that "the hearing examiner (a) used an unlawful procedure;

15   (b) erroneously interpreted law; (c) made decisions not supported by the evidence; (d)

16   erroneously applied the laws to the facts; (e) acted outside the authority granted to the

17   hearing examiner; or (f) violated the constitutional rights of the party seeking relief."

18   *Goat Hill Homeowners Ass'n v. King County*, 686 F. Supp. 2d 1130, 1137 (W.D. Wash.

19   2010) (citing RCW 36.70C.130).

20         In order to establish her procedural due process claims, plaintiff must show that

21   (1) plaintiff has a property or liberty interest that defendants interfered with, and (2)

22   defendants failed to use constitutionally sufficient procedures in depriving plaintiff of that

23   right. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). To

24

25

establish her equal protection claims, plaintiff would need to show "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (citations omitted).

Plaintiff's state law claims allege that the hearing examiner committed error in making the relevant land use decision. Dkt. 1-2 at 5-9. Plaintiff's federal claims are unrelated to the hearing examiner's decision. Dkt. 1-2 at 9-13. Plaintiff's due process claims allege that the defendants deprived plaintiff of due process rights by prosecuting a notice of violation despite an automatic stay imposed under VMC 19.010.080(g). Dkt. 1-2 at 9-10. Plaintiff's equal protection claims allege that the defendants discriminated against plaintiff by applying different requirements and fees to plaintiff's permit application. Dkt 1-2 at 11-13.

It appears that the nature and scope of the issues raised by plaintiff's state claims are distinct from those raised by plaintiff's federal claims. Additionally, the evidence that plaintiff would need to prove her state law claims does not overlap with the evidence needed to prove plaintiff's federal claims. A review of the facts alleged in the complaint also indicates that the crux of plaintiff's state law claims is whether the hearing examiner erred in the land use decision.

The undersigned recommends that the Court find that plaintiff's state law claims substantially predominate over plaintiff's federal claims.

1

      2)  <u>Economy, convenience, fairness and comity.</u>

When deciding whether to exercise the discretion to decline supplemental

jurisdiction over a state law claim, the Court must consider the "values of economy,

convenience, fairness, and comity." *Acri*, 114 F.3d at 1001 (internal quotations omitted).

As has been discussed, LUPA provides the exclusive means for judicial review of

land use decisions in Washington State. *Holy Ghost Revival Ministries*, 98 F. Supp. 3d

at 1163. LUPA's stated purpose is to establish uniform and expedited judicial review of

local decisions. *Twin Bridge Marine Park, LLC v. Dep't of Ecology*, 162 Wn.2d 825, 844

(2008); RCW § 36.70C.010 ("establishing uniform, expedited appeal procedures and

uniform criteria for reviewing such decisions, in order to provide consistent, predictable,

and timely judicial review.").

The doctrine of comity encourages lower federal courts to resist engaging in

certain cases falling within their jurisdiction when the case would require the court to

determine the application of certain state or local laws. *Levin v. Commerce Energy, Inc.*,

560 U.S. 413, 421 (2010). The doctrine of comity reflects the proper respect for state

functions and the role of federalism. *Id*. Comity is especially important when considering

state law claims concerning a state or local government's process for making land use

decisions. *See, Pakdel v. City & Cty. of San Francisco*, 952 F.3d 1157, 1167 (9th Cir.

2020); *See also, FERC v. Mississippi*, 456 U.S. 742, 767 n.30 (1982) ("[R]egulation of

land use is perhaps the quintessential state activity.").

Here comity weighs heavily in favor of declining supplemental jurisdiction over

plaintiff's state law claims. Plaintiff's state law claims arise under a state land use

regulation statute; she is challenging a local land use decision. This falls squarely within

REPORT AND RECOMMENDATION - 7

a state function. Additionally, Washington has designed a procedure under LUPA to provide uniform, consistent and expedited judicial review of local decisions. Accordingly, both comity and judicial economy favor declining supplemental jurisdiction over plaintiff's state law claims. Any considerations of fairness and convenience in retaining plaintiff's claims in a single forum are outweighed by the factors of judicial economy and comity.

Based on the foregoing, the undersigned recommends that the Court exercise its discretion to decline supplemental jurisdiction over plaintiff's state law claims.

CONCLUSION

For the reasons discussed herein, the undersigned recommends that the Court exercise its discretion under 28 U.S.C. § 1367(c) to decline supplemental jurisdiction over plaintiff's state law claims. Accordingly, the undersigned recommends that the Court GRANT plaintiff's motion to remand (Dkt. 8) and remand only plaintiff's state law claims. The Court should not remand plaintiff's federal claims.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on May 7, 2021, as noted in the caption.

Dated this 19th day of April, 2021.

Theresa L. Fricke
United States Magistrate Judge