# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

JUDI COSTELLO,

    Plaintiff,

v.

CITY OF VADER, and JOE SCHEY,

    Defendants.

CASE NO. C20-6251 BHS-TLF

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge, Dkt. 20, and Defendants City of Vader and Joe Schey's partial objections to the R&R, Dkt. 21.

Plaintiff Judi Costello initially filed this action in Lewis County Superior Court seeking review of a land use decision under RCW 36.70C, *et seq.*, and seeking damages for alleged violations of her constitutional due process and equal protection rights. *See* Dkt. 1-2. Defendants removed the case to this Court, Dkt. 1, and Costello moved to remand back to state court, Dkt. 8.

Judge Fricke concluded that the Court has jurisdiction over Costello's federal constitutional claims pursuant to 28 U.S.C. § 1331 and that the Court has supplemental

jurisdiction over her state law claims. Dkt. 20 at 3. Costello, however, argued that the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. *See* Dkt. 8 at 4–8. Judge Fricke properly concluded that § 1367(c) does not authorize the Court to decline original jurisdiction over a proper federal claim. Dkt. 20 at 3 (citing 28 U.S.C.§ 1367(c); 28 U.S.C. § 1441(c); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 787 (3d Cir. 1995)). But she concluded that Costello's state law claims substantially predominate over the federal law claims and that the values of economy, convenience, fairness, and comity weigh in favor of declining supplemental jurisdiction. *Id.* at 4–8. The R&R thus recommends that the Court grant in part and deny in part Costello's motion to remand and remand only her state law claims. *Id.* at 9.

Defendants filed objections, although they do not object to the R&R's recommendation to remand Costello's state law claims. Dkt. 21. They request, however, that the Court stay the federal court proceedings pending resolution of the state law claims or that the Court enter a new case scheduling order to reflect the "non-emergent nature of Plaintiff's federal court claims." *Id.* at 2. Costello responded, arguing that a stay is not warranted because her federal claims are wholly separate from her state law claims and that the pretrial schedule should remain in effect. Dkt. 22.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

While Defendants argue that a stay is warranted, this is not a proper objection to the R&R. A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The R&R did not discuss or recommend for or against a stay of the federal proceedings while Costello's state claims are resolved. Defendants' arguments are therefore not proper, and the Court declines to address the arguments in the first instance. Defendants may bring a motion to stay properly before Judge Fricke.

The Court having considered the R&R, Defendants' objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Plaintiff's motion to remand, Dkt. 8, is **GRANTED** in part and **DENIED** in part;

(3) Plaintiff's state law claims are remanded to the Superior Court for the State of Washington in and for Lewis County;

(4) The Court shall maintain jurisdiction over plaintiff's federal claims; and

(5) This matter is re-referred to Judge Fricke for further consideration.

Dated this 17th day of June, 2021.

BENJAMIN H. SETTLE
United States District Judge