UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUDI COSTELLO,<br><br>            Plaintiff,<br>   v.<br><br>CITY OF VADER AND MAYOR JOE SCHEY,<br><br>            Defendants. | Case No. C20-6251 BHS-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTING DATE: FEBRUARY 15, 2022 |

This matter comes before the Court on Plaintiff Judi Costello's ("Costello") Motion for Leave Authorizing Service of Process (Dkt. 26), Costello's Motion for Summary Judgment (Dkt. 37), and Defendants City of Vader ("Vader") and Mayor Joe Schey's ("Mayor Schey") Motion for Summary Judgment (Dkt. 32). Having reviewed the motions, oppositions thereto, the record of the case, and the relevant legal authorities, the undersigned recommends that this Court DENY Costello's motion for leave authorizing service of process. The Court will not address the merits of Costello's Due Process and Equal Protection clauses claims at this time; Costello's motion for summary judgment should be DENIED and the defendants' motion for summary judgment should be GRANTED on the grounds that plaintiff has not effectuated service of process. Thus, Costello's complaint should be dismissed without prejudice.

REPORT AND RECOMMENDATION - 1

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Costello filed her complaint against Vader and Mayor Schey in Lewis County Superior Court on December 14, 2020. Dkt. 1-2. Costello delivered the complaint to the City Deputy Clerk and City Attorney for the City of Vader. Dkt. 26 ¶ 2. On December 28, 2020, the Defendants removed the matter to this Court, and Costello filed a motion to remand to state court on January 19, 2021. Dkt. 1-5; Dkt. 8. Costello's state law claims were ultimately remanded back to Lewis County Superior Court on June 17, 2021. Dkt. 24-25. Defendants moved Lewis County Superior County for an order of dismissal on the basis of Costello's failure to properly serve Defendants, which was granted on July 30, 2021. Dkt. 24-25. Costello then moved in this Court for leave to remedy insufficient service of process to comply with service requirements. Dkt. 26 at 2.

## DISCUSSION

Defendants contend in their summary judgment motion , and in their response to Costello's motion for summary judgment, that this Court should dismiss this case because they were never properly served. The defendants preserved this issue by raising it in their amended answer. Dkt. 16 at 7. *See* FRCP 12(h)(1)(B)(ii). Costello served the Vader's Deputy Clerk with the summons and a copy of the complaint on December 14, 2020 rather than either "the mayor, city manager, or, during normal business hours, to the mayor's or city manager's designed agent or the city clerk thereof." RCW 4.28.080(2). Dkt 32 at 5-7; Dkt. 38 at 4-7. Costello acknowledges that the Deputy Clerk was not an agent upon whom service can be made. Dkt. 26 at 3-4; Dkt. 34 at 2-3.

After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against them. Fed.R.Civ.P. 4(b), (c)(1). Unless the plaintiff can demonstrate good cause for being unable to do so, she must accomplish this service of process within 120 days of filing to avoid possible dismissal of the suit. Fed.R.Civ.P. 4(m).

The same 120–day period applies where suits are removed to federal court from state court, except that the period commences upon the date of removal. *See* Fed.R.Civ.P. 81(c)(1). Rule 4(m) provides that the district court "must extend" the 120–day deadline for service "if the plaintiff shows good cause for the failure" to meet the deadline. Fed.R.Civ.P. 4(m). *See, e.g.*, *McGuckin v. Smith,* 974 F.2d 1050, 1058 (9th Cir.1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1135 (9th Cir.1997) (finding that a defendant's affirmative actions, which frustrate service, may constitute good cause for failure to effect timely service). Good cause exists if an outside factor prevented service. *See, Dumaguin v. Sec'y of Health and Human Servs.,* 28 F.3d 1218, 1221 (D.C. Cir. 1994) (pro se plaintiff who was proceeding in forma pauperis, established good cause for extending time for service on the defendants, due to failure of the U.S. Marshals to effectuate service despite plaintiff's timely request that the Marshals do so).

In the instant case, Costello has not shown any outside factor that would constitute "good cause" for failure to meet the 120-day deadline. Instead, the only service made or attempted was delivery of the service and complaint to Vader's Deputy Clerk -- an unqualified agent under the rules. Although plaintiff states that the COVID-19 pandemic made it difficult on December 14, 2020 to locate the appropriate person in the

City of Vader's offices, she fails to show how the pandemic was an outside factor that actually prevented plaintiff from properly serving the mayor, or the city clerk. See Dkt. 28, at 34 (Declaration of Richard North). Being thwarted by difficulties locating the mayor or city clerk on one date in December of 2020 does not mean she was prevented from accomplishing service.

Because Defendants were not properly served with process within the time allotted by the Federal Rules of Civil Procedure, this Court should dismiss Costello's suit without prejudice.

## CONCLUSION

For the foregoing reasons, this Court should: DENY Costello's motion for leave authorizing service of process, DENY Costello's motion for summary judgment and GRANT Defendants' motion for summary judgment on the grounds that Plaintiff has not effectuated service of process. Costello's complaint should be DISMISSED without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2).

Accommodating this time limitation, this matter shall be set for consideration on **February 15, 2022**, as noted in the caption.

NOTING DATE: FEBRUARY 15, 2022 - 4

Dated this 1st day of February, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

NOTING DATE: FEBRUARY 15, 2022 - 5